**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00654-VAP (SPx)                              Date:  April 24, 2013

Title:   GILBERT MCCORY -v- THE PRICE REIT, INC., A MARYLAND CORPORATION, HOME DEPOT USA, INC., A DELAWARE CORPORATION, AND DOES 1 TO 10
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

    On April 10, 2013, Defendant The Price Reit, Inc. ("Defendant") removed this action from the California Superior Court for the County of Riverside.  Defendant alleges the Court has subject-matter jurisdiction to hear this matter pursuant to federal question jurisdiction.  (See Not. of Removal (Doc. No. 1) at ¶ 5.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of Riverside.

Case 5:13-cv-00654-VAP-SP   Document 7   Filed 04/24/13   Page 2 of 2   Page ID #:49

EDCV 13-00654-VAP (SPx)
GILBERT MCCORY v. THE PRICE REIT, INC., A MARYLAND CORPORATION, HOME DEPOT USA, INC., A DELAWARE CORPORATION, AND DOES 1 TO 10
MINUTE ORDER of April 24, 2013

     Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendant alleges the basis for removal is federal question jurisdiction. Yet, Plaintiff's Complaint only alleges three state law claims: (1) violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53); (2) violation of the California Disabled Persons Act (Cal. Civ. Code §§ 54-54.8) ("CDPA"); and (3) negligence. None of these claims arise under federal law. While violation of the ADA is an element of both an Unruh Civil Rights Action violation and a CDPA violation, the Ninth Circuit has explicitly held that this is insufficient to confer federal question jurisdiction. See Wander v. Kaus, 304 F.3d 856, 857 (9th Cir. 2002). "Federal question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." Id.

     Accordingly, the Court finds that it lacks jurisdiction over this matter and REMANDS this matter to the California Superior Court for the County of San Riverside.

     **IT IS SO ORDERED.**